## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| PERFORMANCE FOOD GROUP, INC., d/b/a PERFORMANCE FOODSERVICE, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSE CAPITAL INVESTMENTS, LLC, d/b/a BLAZE, <br> BLAZE BANGOR, LLC, <br> CAMDEN WATERFRONT, LLC, d/b/a BLAZE CAMDEN, f/d/b/a HOXBILL RESTAURANT, <br> BLAZE BREWING BIDDEFORD, LLC, <br> BLAZE URBAN PIZZA, LLC, <br> PUB CIAO, LLC, d/b/a BLAZE BLUE HILL, <br> MATTHEW HASKELL, and <br> WHITNEY STEVENS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:26-cv-00___ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Performance Food Group, Inc., d/b/a Performance Foodservice ("Plaintiff"), hereby complains against Defendants, Diverse Capital Investments, LLC, d/b/a Blaze ("Diverse"), Blaze Bangor, LLC ("Blaze Bangor"), Camden Waterfront, LLC, d/b/a Blaze Camden, f/d/b/a Hoxbill Restaurant ("Blaze Camden"), Blaze Brewing Biddeford, LLC ("Blaze Brewing"), Blaze Urban Pizza, LLC ("Blaze Urban"), Pub Ciao, LLC, d/b/a Blaze Blue Hill ("Pub Ciao") (collectively, the "Blaze Defendants"), Matthew Haskell ("Haskell"), and Whitney Stevens ("Stevens") (the Blaze Defendants, Haskell, and Stevens collectively, "Defendants"), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a corporation, duly organized and validly existing under and by virtue of the laws of the State of Colorado, and maintains its principal place of business at 12500 W. Creek Parkway, Richmond, State of Virginia 23238-1110. Plaintiff is duly registered and licensed to do business in the State of Maine.

2.      Defendant Diverse is a Maine limited liability company with a principal place of business at 198 Main Street, Bar Harbor, County of Hancock, and State of Maine 04609.

3.      Defendant Blaze Bangor is a Maine limited liability company with a principal place of business at 34 Mines Road, Blue Hill, County of Hancock, and State of Maine 04614, and now operating its business at 18 Broad Street, Bangor, County of Penobscot, Maine 04401.

4.      Defendant Blaze Camden is a Maine limited liability company with a principal place of business at 34 Mines Road, Blue Hill, County of Hancock, and State of Maine 04614, and now or formerly operating its business at 5 Bayview Street, Camden, County of Knox, Maine 04843.

5.      Defendant Blaze Brewing is a Maine limited liability company with a principal place of business at 34 Mines Road, Blue Hill, County of Hancock, and State of Maine 04614, and now or formerly operating its business at 28 Pearl Street, Biddeford, County of York, Maine 04005.

6.      Defendant Blaze Urban is a Maine limited liability company with a principal place of business at 329 Main Street, Bangor, County of Penobscot, and State of Maine 04401.

7.      Defendant Pub Ciao is a Maine limited liability company with a principal place of business at 34 Mines Road, Blue Hill, County of Hancock, and State of Maine 04614, and now or formerly operating its business at 66 Main Street, Blue Hill, County of Hancock, Maine 04614.

8.      Defendant Haskell is an individual who resides and is domiciled at 34 Mines Road, Blue Hill, County of Hancock, and State of Maine 04614.

9.      Defendant Stevens is an individual who resides and is domiciled at 48 Old County Road, Machiasport, County of Washington, and State of Maine  04655.

10.     The matter in controversy with respect to this civil action exceeds the sum or value 28 U.S.C. § 1332(a) specifies, exclusive of interest and costs and, including to the extent necessary, Plaintiff's prospective attorney fees and expenses, to which Plaintiff has a contractual entitlement pursuant to the documents entered into by and between Plaintiff and the Blaze Defendants, Haskell, and Stevens, which documents are set forth with specificity below. Plaintiff anticipates that it may seek to recover at least $50,000 in attorney fees and expenses incurred in this action, which Plaintiff considers reasonable.

11.     This civil action is between citizens of different States.

12.     Venue with respect to this civil action is proper in this District because this District is a judicial district in which (a) a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of properties that are the subject of the action is situated, *see* 28 U.S.C. § 1391(b)(2), and (b) Defendants are subject to the Court's personal jurisdiction with respect to such action. Venue with respect to this civil action is proper in this Court in Bangor because a substantial part of the events or omissions giving rise to the claims occurred in and a substantial part of the properties that are the subject of the action is situated in the Counties of Hancock, Penobscot, Knox, York, and Washington, Maine. *See* D. Me. Local R. 3(b).

## FACTUAL ALLEGATIONS

13.     Plaintiff is, and at all times material to this Complaint was, engaged in the business of delivering more than 300,000 national and branded food and related products to more than 300,000 customer locations across the United States and Canada.

14.     At all times material to this Complaint, the Blaze Defendants are and/or were customers of Plaintiff, purchasing food and related products from Plaintiff.

15. On or about July 18, 2011, Diverse executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit A, which Plaintiff approved (the "Diverse Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Diverse (the "Diverse Account").

16. In connection with the Diverse Contract, on or about July 18, 2011, Stevens executed and delivered a Personal Guaranty to Plaintiff (the "Diverse Guaranty"), a true copy of which is attached hereto as Exhibit B, and pursuant to which, *inter alia*, Stevens personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Diverse on the Diverse Account and pursuant to the terms of the Diverse Contract.

17. As of November 6, 2025, Diverse owed Plaintiff the sum of $109,551.84 on the Diverse Account and pursuant to the terms of the Diverse Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit C.

18. On or about August 26, 2013, Blaze Bangor executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit D, which Plaintiff approved (the "Blaze Bangor Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Blaze Bangor (the "Blaze Bangor Account").

19. In connection with the Blaze Bangor Contract, on or about August 26, 2013, Haskell executed and delivered a Personal Guaranty to Plaintiff (the "Blaze Bangor Guaranty"), a true copy of which is attached hereto as Exhibit E, and pursuant to which, *inter alia*, Haskell personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Blaze Bangor on the Blaze Bangor Account and pursuant to the terms of the Blaze Bangor Contract.

20.     As of November 6, 2025, Blaze Bangor owed Plaintiff the sum of $63,749.60 on the Blaze Bangor Account and pursuant to the terms of the Blaze Bangor Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit F.

21.     On or about June 29, 2017, Blaze Camden executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit G, which Plaintiff approved (the "Blaze Camden Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Blaze Camden (the "Blaze Camden Account").

22.     In connection with the Blaze Camden Contract, on or about June 29, 2017, Haskell executed and delivered a Personal Guaranty to Plaintiff (the "Blaze Camden Guaranty"), a true copy of which is attached hereto as Exhibit H, and pursuant to which, *inter alia*, Haskell personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Blaze Camden on the Blaze Camden Account and pursuant to the terms of the Blaze Camden Contract.

23.     As of November 6, 2025, Blaze Camden owed Plaintiff the sum of $1,054.40 on the Blaze Camden Account and pursuant to the terms of the Blaze Camden Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit I.

24.     On or about January 27, 2020, Blaze Brewing executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit J, which Plaintiff approved (the "Blaze Brewing Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Blaze Brewing (the "Blaze Brewing Account").

25.     In connection with the Blaze Brewing Contract, on or about January 22, 2020, Haskell executed and delivered a Personal Guaranty to Plaintiff (the "Blaze Brewing Guaranty"), a true copy of which is attached hereto as Exhibit K, and pursuant to which, *inter alia*, Haskell

personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Blaze Brewing on the Blaze Brewing Account and pursuant to the terms of the Blaze Brewing Contract.

26.    As of November 6, 2025, Blaze Brewing owed Plaintiff the sum of $256.13 on the Blaze Brewing Account and pursuant to the terms of the Blaze Brewing Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit L.

27.    On or about March 25, 2021, Blaze Urban executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit M, which Plaintiff approved (the "Blaze Urban Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Blaze Urban (the "Blaze Urban Account").

28.    In connection with the Blaze Urban Contract, on or about March 25, 2021, Haskell executed and delivered a Personal Guaranty to Plaintiff (the "Blaze Urban Guaranty"), a true copy of which is attached hereto as Exhibit N, and pursuant to which, *inter alia*, Haskell personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Blaze Urban on the Blaze Urban Account and pursuant to the terms of the Blaze Urban Contract.

29.    As of November 6, 2025, Blaze Urban owed Plaintiff the sum of $380.62 on the Blaze Urban Account and pursuant to the terms of the Blaze Urban Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit O.

30.    On or about August 3, 2021, Pub Ciao executed and delivered a Customer Account Application to Plaintiff, a true copy of which is attached hereto as Exhibit P, which Plaintiff approved (the "Pub Ciao Contract"), and pursuant to which, *inter alia*, Plaintiff agreed to extend credit on an open account to Pub Ciao (the "Pub Ciao Account").

31.    In connection with the Pub Ciao Contract, on or about August 3, 2021, Haskell executed and delivered a Personal Guaranty to Plaintiff (the "Pub Ciao Guaranty"), a true copy of

which is attached hereto as Exhibit Q, and pursuant to which, *inter alia*, Haskell personally guaranteed prompt payment of any and all indebtedness owing to Plaintiff by Pub Ciao on the Pub Ciao Account and pursuant to the terms of the Pub Ciao Contract.

32.    As of November 6, 2025, Pub Ciao owed Plaintiff the sum of $68,337.56 on the Pub Ciao Account and pursuant to the terms of the Pub Ciao Contract, as evidenced by the true copy of the itemized account annexed hereto as Exhibit R.

33.    The Diverse Contract, the Blaze Bangor Contract, the Blaze Camden Contract, the Blaze Brewing Contract, the Blaze Urban Contract, and the Pub Ciao Contract shall hereinafter be referred to collectively as the "Contracts."

34.    The Diverse Account, the Blaze Bangor Account, the Blaze Camden Account, the Blaze Brewing Account, the Blaze Urban Account, and the Pub Ciao Account shall hereinafter be referred to collectively as the "Accounts."

35.    The Diverse Guaranty, the Blaze Bangor Guaranty, the Blaze Camden Guaranty, the Blaze Brewing Guaranty, the Blaze Urban Guaranty, and the Pub Ciao Guaranty shall hereinafter be referred to collectively as the "Guarantees."

36.    Plaintiff has demanded that Defendants pay Plaintiff all sums and indebtedness due and owing to Plaintiff pursuant to the Contracts, on the Accounts, and pursuant to the Guarantees, but Defendants have failed and/or refused to do so. Defendants' breaches of and defaults under the Contracts and the Guarantees and refusal to pay Plaintiff the amount of Plaintiff's damages have caused and will continue to cause Plaintiff to incur attorney fees and expenses to enforce the terms of the Contracts and the Guarantees and otherwise.

37.    As a consequence of Defendants' breaches of and defaults under the Contracts and the Guarantees, Plaintiff has been damaged.

## COUNT I
### [Breaches of Contract – Accounts]

38.    Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

39.    The Contracts are valid and enforceable contracts.

40.    The Blaze Defendants breached and defaulted under the Contracts by their conduct, acts, and/or failures and/or refusals to act, as set forth above.

41.    Plaintiff did not breach or default under the Contracts; rather, Plaintiff fully performed its obligations under the Contracts.

42.    The Blaze Defendants' breaches of and defaults under the Contracts have caused and continue to cause actual damages to Plaintiff, including without limitation, compensatory, monetary, and economic damages, for which this Court should find the Blaze Defendants liable to Plaintiff.

43.    The Blaze Defendants are liable to Plaintiff in an amount to be determined, together with allowable interest and costs, and attorney fees and expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Blaze Defendants in Plaintiff's favor on Count I of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT II
### [Breaches of Contract – Guarantees]

44.    Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

45.     The Guarantees are valid and enforceable contracts.

46.     Stevens and Haskell breached and defaulted under the Guarantees by their conduct, acts, and/or failures and/or refusals to act, as set forth above.

47.     Stevens' and Haskell's breaches of and defaults under the Guarantees have caused and continue to cause actual damages to Plaintiff, including without limitation, compensatory, monetary, and economic damages, for which this Court should find Stevens and Haskell liable to Plaintiff.

48.     Stevens and Haskell are liable to Plaintiff in an amount to be determined, together with allowable interest and costs, and attorney fees and expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants Stevens and Haskell in Plaintiff's favor on Count II of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT III
### [Goods Sold and Delivered]

49.     Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

50.     At all times material to this Complaint, the Blaze Defendants are and/or were customers of Plaintiff, purchasing food and related products from Plaintiff.

51.     The agreed upon terms of sale required that the Blaze Defendants pay all invoices in full.

52.     The Blaze Defendants owe Plaintiff the sums reflected in the true copies of the itemized accounts annexed hereto as Exhibits C, F, I, L, O, and R for food and related products sold and delivered by Plaintiff to the Blaze Defendants.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Blaze Defendants in Plaintiff's favor on Count III of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT IV
### [Action on Accounts Annexed]

53.     Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

54.     The itemized accounts annexed hereto as Exhibits C, F, I, L, O, and R are the Accounts on which the action is brought and each is a true statement of the indebtedness existing between the parties to this action with all proper credits given, and the prices or items charged therein are just and reasonable.

55.     The Blaze Defendants are liable to Plaintiff in an amount to be determined, together with allowable interest and costs, and attorney fees and expenses.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Blaze Defendants in Plaintiff's favor on Count IV of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and attorney fees and expenses,

and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT V
### [Unjust Enrichment]

56.     Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

57.     Plaintiff conferred a benefit on Defendants, Defendants had appreciation or knowledge of the benefit, and the acceptance or retention of the benefit by Defendants was under such circumstances as to make it inequitable for them to retain the benefit without payment for the value of the benefit conferred.

58.     Defendants' conduct, acts, omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform as promised as set forth above and otherwise have caused damage to Plaintiff in amount to be determined at trial.

59.     Plaintiff is entitled to recover from Defendants the value of the benefits Defendants actually received and retained.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants in Plaintiff's favor on Count V of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

## COUNT VI
### [Quantum Meruit]

60.     Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove, inclusive, as though each were fully set forth at this point.

61.     Plaintiff provided and/or rendered services to Defendants, with the knowledge and consent of Defendants, and under circumstances that made it reasonable for Plaintiff to expect payment.

62.    Defendants' conduct, acts, omissions, failures to act and/or fully and faithfully perform, and/or refusals to act and/or fully and faithfully perform as promised as set forth above and otherwise have caused damage to Plaintiff in amount to be determined at trial.

63.    Plaintiff is entitled to recover from Defendants the reasonable value of the services Plaintiff provided and/or rendered to Defendants.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants in Plaintiff's favor on Count VI of this Complaint for damages in an amount that will compensate Plaintiff for its loss, together with allowable interest and costs, and requests that the Court grant Plaintiff such other and further relief as the Court finds just and equitable.

Dated: March 16, 2026.            /s/ Fred W. Bopp III
                                  Fred W. Bopp III, Esq.
                                  Attorney for Plaintiff, Performance Food Group,
                                  Inc., d/b/a Performance Foodservice

BOPP & GUECIA
121 Main Street
Yarmouth, ME  04096
(207) 846-6111
fbopp@boppguecia.com